IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEBORAH MANEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:24-cv-01149 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| GENERAL HOSPITAL, *et al.*, ) | MAGISTRATE JUDGE NEWBERN |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Pro se Plaintiff Deborah Maney, a resident of Nashville, Tennessee, filed this complaint against "General Hospital" and Guardaworld Security. (Doc. No. 1).

### I. FILING FEE

Plaintiff submitted an Application for Leave to Proceed In Forma Pauperis ("IFP Application"). (Doc. No. 2). According to Plaintiff's IFP Application, her monthly income totals $923 from Supplemental Social Security payments, she has no assets, her monthly expenses total approximately $650, and she does not expect any major changes to her monthly income or expenses in the next 12 months. (*Id.*) In her complaint, Plaintiff states that she is homeless. (Doc. No. 1 at PageID# 2). Because her IFP Application reflects that she lacks sufficient financial resources to pay the full filing fee without undue hardship, the IFP Application (Doc. No. 2) is **GRANTED**. The Clerk therefore is **DIRECTED** to file the complaint in forma pauperis. 28 U.S.C. § 1915(a).

### II. INITIAL SCREENING STANDARD

Congress enacted 28 U.S.C. § 1915, the federal in forma pauperis statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). In doing

so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which requires sua sponte dismissal of an action upon certain determinations. 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding in forma pauperis, the Court must review her complaint pursuant to 28 U.S.C. § 1915(e). *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999). Under § 1915(e), the Court is required to screen in forma pauperis complaints and dismiss any complaint, or any portion thereof, if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain: (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the plaintiff is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Although allegations in a pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "liberal construction . . . has limits." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citing *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985). A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011). District courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Nor are they "required to create" a pro se litigant's claim for him or her. *Payne v. Secretary of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003). And pro se litigants are not exempt from the requirements of the Federal Rules

of Civil Procedure. *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011).

### III. ALLEGED FACTS

As best the Court can discern,[1] the complaint alleges that Plaintiff was not treated at the "General Hospital" as she wished and that unspecified people there discriminated against her and restricted her whereabouts in the hospital. For example, Plaintiff wanted to visit the morgue and was not allowed to do so. (Doc. No. 1 at PageID# 3). Plaintiff believes these unspecified people "were wrong in their attitude[s]." (*Id*. at PageID# 4). The complaint further alleges that Plaintiff's "privacy" was violated during doctors' appointments. (*Id*. at PageID# 3). As relief, Plaintiff requests an unspecified amount of monetary damages. (*Id*. at PageID# 5).

### IV. SCREENING OF THE IN FORMA PAUPERIS COMPLAINT

After conducting the initial screening pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that Plaintiff's complaint, filed pursuant to 42 U.S.C. § 1983, cannot survive screening under Section 1915(e)(2).

To state a claim under Section 1983 upon which relief may be granted, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution of laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)). For a court to have subject matter jurisdiction over a Section 1983 claim, the alleged wrongdoer must be a state actor or a private party whose conduct can be fairly attributable to the state. *See Littler v. Ohio Ass'n of Pub. Sch. Emps.*, 88 F.4th 1176, 1180-81 (6th Cir. 2023); *see also Brown ex rel. Estate of Henry v. Hatch*, 984 F. Supp.2d 700, 707 (E.D. Mich.

---

[1] Plaintiff's handwritten complaints are difficult to decipher, and it is difficult to distill her statements into coherent narratives and causes of action.

2013) (citing Sixth Circuit and Supreme Court cases to explain that the court lacks subject matter jurisdiction over a Section 1983 action if "neither Defendant is a state actor"). Whether defendants are state actors is a question of law for the Court. *Neuens v. City of Columbus*, 303 F.3d 667, 670 (6th Cir. 2002).

Assuming for purposes of this screening that Nashville General Hospital[2] and Guardaworld Security[3] were acting under color of state law as Section 1983 requires, it is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 545 (2007) (to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would

---

[2] In *Ingram v. Hall*, No. 3:09-cv-0169, 2009 WL 400126 (M.D. Tenn. Feb. 18, 2009), the Court assumed "for the sake of argument" that the Nashville General Hospital was acting under the color of state law for purposes of Section 1983 "because it provided medical care to a prisoner." *Id*. at *8. In the instant case, the complaint does not allege that Plaintiff Maney was a prisoner when she visited the Nashville General Hospital on the date(s) that gave rise to this action.

[3] Without more, Plaintiff's scant allegations are insufficient to support a finding that Guardaworld was acting under color of law.

suggest their involvement in the events leading to his injuries.").

Here, Plaintiff fails to attribute the behavior about which she complains to Nashville General Hospital, Guardaworld Security, or any of their employees.[4] These allegations fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Thus, the complaint is subject to dismissal for that reason.

Assuming for purposes of this screening that Plaintiff had attributed the behavior about which she complains to Defendants, the allegations of the complaint nevertheless fail to state claims upon which relief can be granted under Section 1983 against those Defendants. Plaintiff, a private citizen, does not have a constitutional right to see particular doctors or to see those doctors at the time of her choosing. Nor does she have a constitutional right to receive medical treatment upon demand or to enter whatever spaces within a hospital that she desires. The complaint does not explain how the hospital or security guard service discriminated against Plaintiff or violated her privacy rights. In short, the minimal allegations set forth in the complaint, which primarily consist of lists of words, names, and phrases, do not describe constitutional violations.

---

[4] In the section of the form complaint that asks, "What are the facts underlying your claim(s)? (*For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened*?), Plaintiff lists "hospital employees, Guardaworld Security for hospital, nurses, doctors, outside [undecipherable] patients", and two lines of text that are undecipherable. (Doc. No. 1 at PageID# 4). However, the complaint does not clarify whether or which of the listed individuals allegedly engaged in the acts about which Plaintiff complains or witnessed those acts.

# V. CONCLUSION

As explained above, Plaintiff's in forma pauperis complaint fails to state claims under Section 1983 upon which relief can be granted against the named Defendants,[5] even assuming Defendants acted under color of law. Accordingly, this action is hereby **DISMISSED WITH PREJUDICE**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[5] Plaintiff previously filed a pro se civil rights case against one of Nashville General Hospital's security guards, "Guardo Worlel". *See Deborah Maney v. Guardo Worlel*, No. 3:24-c-1148 (filed 9/24/2024 M.D. Tenn.). Having now reviewed the instant case, which was filed by Plaintiff after the 1148 case, it appears that Plaintiff may have intended to sue "Guardaworld" instead of "Guardo Worlel" in the prior case. Her handwriting is very difficult to read. In any event, in screening both cases, the Court has considered allegations against Guardaworld and at least one of its security guards, all stemming from Plaintiff's visit(s) to Nashville General Hospital on unspecified dates.